UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RICHARD MUKKA,                )<br>                                                    )<br>            Petitioner,             )<br>v.                                             )<br>                                                    )<br>SUPERINTENDENT BUTTS,  )<br>                                                    )<br>            Respondent.          )  | Case No. 1:14-cv-01526-TWP-DKL |

**Entry Discussing Petition for Writ of Habeas Corpus**

The petition of Richard Mukka for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. IYC 14-05-0149. For the reasons explained in this Entry, Mukka's habeas petition must be **denied**.

**Discussion**

**A.  Standard**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974).

**B. The Disciplinary Hearing**

On May 14, 2014, Kelly Hofman, of the New Castle Correctional Facility, wrote a Report of Conduct in case number IYC 14-05-0149 ("conduct report") charging Mukka with Code A-116 for his refusal to participate in a mandatory program, *i.e.*, the Department's Sex Offender Management and Monitoring ("SOMM") Program.[1] SOMM Program participants are "required to discuss and take responsibility for past acts of sexual violence and abuse that [they] have committed in order to benefit from the program." requires offenders to take responsibility for acts of sexual violence and abuse). The conduct report states the following:

> On Wednesday 5/14/14, Offender Richard Mukka #103641 was sent a call out pass to discuss his participation in the SOMM program. This writer told Offender Richard Mukka #103641 that he was being offered the SOMM program and this meant he would agree to participate in the program by honestly taking responsibility for the sexual offence. Offender Richard Mukka #103641 was informed that he was not meeting program expectations and was being written up on a Code 116A for refusing to take accountability for his sexual offense.

On May 18, 2014, Mukka was served with the Notice of Disciplinary Hearing (Screening Report) ("screening report"), which notified him of his rights. He pled not guilty to the charge and did not waive 24 hours' notice of the hearing date. He asked for a lay advocate, and that Officer Morefield and Cari Rezman serve as witnesses. On May 21, 2014, a hearing officer conducted a disciplinary hearing in Mukka's case. Mukka had the assistance of a lay advocate. At the hearing, Offender Mukka stated: "They threw me out before they let me in. All she said I did wrong was use the word apparently." Cari Rezman, part of the SOMM Program administration, stated as follows:

> On this date, 5/14/14, Mr. Richard Mukka #103641 stated that he "apparently" committed his sexual offence. The program requirements were explained to Mr.

---

[1] There is class action case pending in this Court in *Lacy v. State of Indiana*, case 1:13-cv-00811-RLY-DML, in which the petitioners assert a challenge on constitutional grounds to the SOMM Program, but the parties agree that Mukka is not part of the proposed class.

>Mukka whom was not willing to respond directly about taking responsibility for his instant sexual offense. Mr. Mukka was informed that he would be written up on a Code 116A for refusing to meet program expectations.

Witness C. M. Morefield stated:

>The above offender came into my office on 5/14/2014 to tell me he was being written up on an A-116 from his SOMM instructor. The offender stated that he is willing to participate in the program and that he told his instructor that he would say anything that she wanted him to say. He went on to state that she said he was not being sincere.

At the conclusion of the proceeding, the hearing officer relied upon staff reports, the statement of the offender, and evidence from witnesses in finding Mukka guilty. At the end of the hearing and based upon the hearing officer's recommendations, the following sanctions were imposed: a loss of commissary and phone privileges, one month of disciplinary segregation, 180 day earned credit time deprivation, and a credit class demotion.

Mukka's appeals were denied and he filed the present petition for a writ of habeas corpus.

**C. Discussion**

Mukka challenges his habeas conviction arguing that the evidence against him was insufficient, that the decision-maker was not impartial, that his double jeopardy rights were violated, and that he was coerced to sign SOMM program contract.

   1. *Sufficiency of the Evidence*

Mukka argues that his conviction was based on an executive direction and not "the preponderance of the evidence." This argument is understood to be a challenge to the sufficiency of the evidence against him.

In reviewing the sufficiency of the evidence, "courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence,

but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999); *see also Meeks v. McBride,* 81 F.3d 717, 720 (7th Cir. 1996) ("because the 'some evidence' standard . . . does not permit courts to consider the relative weight of the evidence presented to the disciplinary board, it is '[g]enerally immaterial that an accused prisoner presented exculpatory evidence unless that evidence directly undercuts the reliability of the evidence on which the disciplinary authority relied' in support of its conclusion")(quoting *Viens v. Daniels,* 871 F.2d 1328, 1335 (7th Cir. 1989)). Instead, the "some evidence" standard of *Hill* is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson,* 188 F.3d at 786. The conduct report prepared by Dr. Kelly Hofman, SOMM team leader and Mukka's instructor, as supported by the witness statements of record, show that Mukka knew about the SOMM Program requirements and expectations and that he refused to take responsibility for his offense in compliance with the applicable requirements and expectations. This is sufficient to satisfy the "some evidence" standard.

### 2. *Impartial Decision-Maker*

Mukka also argues that his disciplinary case was not heard by an impartial decision-maker. A prisoner in a disciplinary action has the right to be heard before an impartial decision maker. *Hill*, 472 U.S. at 454. A "sufficiently impartial" decision maker is necessary in order to shield the prisoner from the arbitrary deprivation of his liberties. *Gaither v. Anderson,* 236 F.3d 817, 820 (7th Cir. 2000) (per curiam); *Redding v. Fairman,* 717 F.2d 1105, 1112, 1116 (7th Cir. 1983). "[T]he requirement of impartiality mandates the disqualification of an official who is directly involved in the incident or is otherwise substantially involved in the incident but does not require the disqualification of someone tangentially involved." *Merritt v. De Los Santos*, 721 F.2d 598,

601 (7th Cir. 1983). His assertion that the sanctions were excessive is insufficient to show partiality on the part of the decision-maker. Mukka has not presented any evidence that the decision-maker was substantially involved in the incident or was otherwise not impartial.

### 3. *Double Jeopardy*

Mukka also asserts that the disciplinary action violates his right against double jeopardy. But it is well-established that prison disciplinary proceedings do not implicate double jeopardy concerns. *United States v. Morales*, 312 Fed.Appx. 823, 824 (7th Cir. 2009) (citing cases).

### 4. *Coercion*

Finally, Mukka suggests that he was coerced into signing the SOMM agreement. The evidence, including the Informal Complaint submitted by Mukka, indicates to the contrary – that Mukka agreed to participate in the SOMM program. In the Informal Complaint, Mukka states that he agreed to participate in the program and that he never refused to comply. He has therefore not shown that his due process rights were violated.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mukka to the relief he seeks. Accordingly, Mukka's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: 9/21/2016

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Richard Mukka
103641
3520 N. Elizabeth St.
Indianapolis, IN 46226

All electronically registered counsel